# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Reynaldo Alatorre, being duly sworn, depose and state the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since July 2001. I am a graduate of the Federal Law Enforcement Training Center, where I completed the ATF New Professional Training (NPT) and the Criminal Investigator Training Program (CITP). I have received training and have experience in the enforcement of laws concerning criminal violations of Federal firearms statutes, including the Gun Control Act (Title 18, United States Code) and the National Firearms Act of 1934 (Title 26, United States Code). As a result of my training and experience, I know that it is a violation of:

    > 26 USC 5861(d): It shall be unlawful for any person to receive or possess a firearm (destructive device) which is not registered to him in the National Firearms Registration and Transfer Record.

2. Your Affiant is aware that a destructive device is defined as follows:

    > 26 USC 5845(f)(3): The term destructive device means any combination of parts either designed or intended for use in converting any device into a destructive device as defined in this statute from which a destructive device may be readily assembled.

3. Your Affiant is familiar with the information contained in this affidavit, either through personal investigation or through discussion with other law enforcement officers, who have participated in and have contributed documentary reports of their investigative efforts in this matter.

4. This investigation began on May 31, 2020, when your Affiant received information concerning allegations of Federal Firearm Violations by Cyril Laurence LARTIGUE.

5. On May 30, 2020, at approximately 2240 hours, during a public protest located directly adjacent to Austin Police Headquarters and the Austin Municipal Court Building, located at 715 E. 8th Street, Austin, TX, LARTIGUE was observed by Austin Police Department HALO (High Activity Location Observation) camera operators squatting down behind a Porta-Potty in the parking lot directly adjacent to the Austin Municipal Court entrance.

6. LARTIGUE was observed wearing a blue/white plaid long-sleeve, yellow hardhat helmet, beige/tan pants, brown work boots, and gloves.

7. LARTIGUE opened a glass bottle, emptied out the contents of the bottle, and then removed a small piece of cloth material from his backpack and placed this cloth into the

opening of the glass bottle.



8. LARTIGUE then removed the cloth material from the bottle, obtained a rectangular container from his backpack, and began to pour/squirt the contents of the rectangular container into the opening of the glass bottle. After pouring the contents into the glass bottle, LARTIGUE used the same contents to saturate the cloth material he had previously placed into the mouth of the glass bottle and then returned the cloth material into the mouth/opening of the glass bottle.







9. While manufacturing this destructive device, LARTIGUE was interrupted by the oncoming presence of Austin Police Department Officers heading in his direction.

10. LARTIGUE fled the area, leaving the manufactured destructive device behind.

11. At approximately 2251 hours, LARTIGUE returned to the same parking lot to retrieve the destructive device he had manufactured.



12. LARTIGUE then walked a short distance towards the south IH-35 frontage road where he placed his backpack onto a grassy area and placed the destructive device within same backpack.



13. LARTIGUE, now being observed by APD HALO cameras and AIR 1, was observed entering one of the porta-potties located near the east frontage of IH-35.

14. APD Officers converged on LARTIGUE's last known location and he was detained without incident. LARTIGUE's backpack was found within the porta-potty. LARTIGUE was found to have changed clothes. Within his backpack, officers located the following items of interest: a yellow safety hard-hat, a Zippo-brand lighter with the name "Cyril" engraved, a bottled labeled "Zippo Lighter Fluid," a blue/white/grey checkered/plaid long-sleeve shirt and several small sections of rags/T-shirt(s)/light fabric/clothing material. The original bottle shown in the video was not found.

15. LARTIGUE was arrested and charged with the State Offense of Possession or Manufacture of a Prohibited Weapon, a Third Degree Felony.

16. On June 7, 2020, your Affiant received from Austin Fire Department Lieutenant Paul De Maio the preliminary results obtained from the Texas Department of Public Safety Laboratory for the liquid found in LARTIGUE's possession. The liquid was found to be positive for a light petroleum distillate.

17. On June 7, 2020, your Affiant consulted with ATF Explosives Enforcement Officer Alex Guerrero who was advised of the items found in LARTIGUE's possession, to wit: Zippo lighter, Zippo Lighter Fluid, small sections of rags. Based on these items and the above video, ATF Explosives Enforcement Officer Guerrero concluded these items meet the definition of a destructive device as it relates to Title 26 USC 5845(f)(3).

18. Your Affiant knows through his training and experience that per the National Firearms Act of 1934, destructive devices are required to be registered with the National Firearms Registration and Transfer Record.

19. On June 8, 2020, your Affiant received the results of a National Firearms Registration

and Transfer Record query re: LARTIGUE. Results revealed that LARTIGUE does not have any items registered to him.

20. Based on the above information, your Affiant believes Cyril Laurence LARTIGUE possessed a combination of parts that meets the definition of a destructive device that is required to be registered in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

      /s/ Reynaldo Alatorre Jr.
Reynaldo Alatorre Jr.
Special Agent, ATF

Sworn to and subscribed to me by telephone under Rule 4.1 of the Federal Rules of Criminal Procedure this __**8th**__ day of _____**June**_____, 2020.

_____
Andrew W. Austin
United States Magistrate Judge