IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. A-20-MJ-501 |
| | ) | |
| CYRIL LARTIGUE | ) | |
| | ) | |
| | ) | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS APPEAL OF THE MAGISTRATE JUDGE'S ORDER SETTING CONDITIONS OF RELEASE**

The United States of America respectfully submits the following information in support of its appeal [Dkt. #15] of the Magistrate Court's order granting defendant's Conditions of Release, entered on the docket on June 18, 2020.

At the hearing before the Magistrate Court, the Government called one witness, ATF Special Agent Rey Alatorre, Jr., and introduced two exhibits, a map of the area where the incident occurred (Exhibit 1) and nine still photographs taken from the HALO video of the incident (Exhibit 2). The Court found probable cause for the charge alleged in the Complaint, a violation of 26 U.S.C. § 5861(d). The Court then granted Defendant release and set conditions of release prior to and without hearing any evidence or testimony from the defense. The Government made an oral motion for a stay of the Court's ruling in order for the Government to decide whether to appeal the Magistrate Court's decision, which the Court granted until 5:00 p.m. on June 18, 2020.

In addition to the facts submitted to the Court in the Government's Notice of Appeal [Dkt. #15], SA Alatorre also testified to the following facts. After his arrest and after being provided with his *Miranda* warning, Defendant agreed to be interviewed. In relevant part, Defendant stated

that he had parked at a friend's apartment in south Austin and had to take a bus to downtown in order to attend the anti-racism protests that were ongoing. He first went to the State Capital, then was directed to APD Headquarters as the location of the majority of the protestors. Defendant stated he had learned techniques from watching the Hong Kong protests, so he picked up an orange cone and carried it with him intending to use it to cover a tear gas canister (if he encountered one) and pour water down the hole to extinguish the canister. Defendant also carried with him a change of clothes so that he could change if he encountered tear gas and ameliorate the effects of the gas. He also wore a pair of work gloves so that if he encountered a canister of tear gas, he could return it to the police. Defendant wore a hard hat and goggles; the hard hat was to protect him from rubber bullets. Defendant also was equipped with a bottle that included a mixture of baking soda and water to counteract the effects of tear gas.

Defendant further admitted having with him a black backpack that contained a lighter, a bottle of lighter fluid, a hemp wick, strips of cloth, a change of clothes, and other items. Defendant initially claimed to not recall whether he had any glass bottles in his backpack, but later recalled that he did bring a bottle of beer with him. He admitted that he knew the police were tracking him and that he entered the porta-potty to change clothes so he would look different and the police would not chase him.

Defendant would not comment on the photographs from the video described in the Government's Notice of Appeal, but made several incriminating statements regarding his actions that night, referring to it as a "flash of stupidity," a "potential, almost dumb fuck moment," and a "flashpoint of stupidity." SA Alatorre testified that the lighter fluid bottle recovered from Defendant's backpack was tested by DPS and determined to contain a flammable liquid.

SA Alatorre further testified that he spoke with an ATF Explosive's Enforcement Officer (EEO), described the facts of the incident to him, and provided him with a copy of the HALO video.  Based on the materials provided to him, the EEO's opinion was that Defendant possessed the components of a destructive device under federal law.  SA Alatorre testified that Defendant did not have any destructive devices registered to him and that Defendant admitted he did not have any destructive devices registered.  SA Alatorre also testified that protests like the protest that occurred the night of May 30, 2020 are ongoing.

      Respectfully submitted,

      JOHN F. BASH
      United States Attorney

By:   /s/ Keith M. Henneke
      KEITH M. HENNEKE
      Assistant U.S. Attorney
      903 San Jacinto Blvd., Suite 334
      Austin, Texas 78701
      Office  (512) 916-5858
      Fax     (512) 916-5854

## CERTIFICATE OF SERVICE

I certify that on this the 19th day of June, 2020, a copy of the foregoing Government's Notice was filed with the Clerk of the Court using the CM/ECF System, thus providing notice to the following CM/ECF participant:

Kristen Etter
Worth Carroll
Counsel for Defendant

                                              /s/Keith M. Henneke
                                              KEITH M. HENNEKE
                                              Assistant United States Attorney