Case 1:20-cr-00156-RP   Document 96   Filed 10/20/21   Page 1 of 11

Filed 10/20/21

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____
                DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | 1:20-CR-156-RP |
| CYRIL LARTIGUE, | § § § | |
| Defendant. | § | |

## JURY CHARGE

**MEMBERS OF THE JURY:**

### INTRODUCTION TO FINAL INSTRUCTIONS

In any jury trial, there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is my duty and responsibility at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

First, I will give you some general instructions which apply in every case: for example, instructions about your duty as jurors to follow these instructions, instructions about the burden of proof, and instructions about how to judge the believability of witnesses. Then, I will give you some specific rules of law about this particular case, and finally, I will explain to you the procedures you should follow in your deliberations.

### INSTRUCTION NO. 1

### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as

1

I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## INSTRUCTION NO. 2

## PRESUMPTION OF INNOCENCE

The indictment, or formal charge against a defendant, is not evidence of guilt. Indeed, Mr. Lartigue is presumed by the law to be innocent. Mr. Lartigue begins with a clean slate. The law does not require him to prove his innocence or produce any evidence at all. And no inference whatsoever may be drawn from the election of a defendant not to testify.

## INSTRUCTION NO. 3

## BURDEN OF PROOF: BEYOND A REASONABLE DOUBT

The government has the burden of proving Mr. Lartigue guilty beyond a reasonable doubt, and if it fails to do so, you must acquit him. While the government's burden of proof is a strict or heavy burden, it is not necessary that Mr. Lartigue's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning his guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

# INSTRUCTION NO. 4

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. Questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## INSTRUCTION NO. 5

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL EVIDENCE

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you. The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of Mr. Lartigue's guilt beyond a reasonable doubt before you can find him guilty.

## INSTRUCTION NO. 6

## DEMONSTRATIVE NOT RECEIVED IN EVIDENCE

A demonstrative was shown to you to help explain other evidence that was admitted. Demonstratives are not themselves evidence or proof of any facts, so you will not have the demonstrative during your deliberations. If the demonstrative does not correctly reflect the facts shown by the evidence, you should disregard it and determine the facts from the underlying evidence.

## INSTRUCTION NO. 7

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved Mr. Lartigue's

guilt beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which the witness testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You must always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## INSTRUCTION NO. 8

## NUMBER OF WITNESSES

Do not make any decisions simply by counting the number of witnesses who testified about a certain point. What is important is how believable the witnesses were and how much weight you

5

think their testimony deserves.

## INSTRUCTION NO. 9

### CREDIBILITY OF WITNESSES—LAW ENFORCEMENT OFFICER

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

## INSTRUCTION NO. 10

### EXPERT OPINION TESTIMONY

During the trial you heard the testimony of ATF Senior Explosives Enforcement Officer Alex Guerrero who expressed opinions concerning whether the items allegedly in Mr. Lartigue's possession could have been combined and assembled to construct a Molotov cocktail, and former DPS Forensic Scientist Lindsey Bynum, who expressed an opinion regarding the substance contained within the Zippo lighter fluid bottle. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## INSTRUCTION NO. 11

### CHARACTER EVIDENCE

You have heard testimony about Mr. Lartigue's good general reputation. You should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## INSTRUCTION NO. 12

## ON OR ABOUT

You will note that the indictment charges that the offense was committed "on or about" a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that Mr. Lartigue committed the crime on a date reasonably near the date stated in the indictment.

## INSTRUCTION NO. 13

## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that Mr. Lartigue is guilty of the crime charged. Mr. Lartigue is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## INSTRUCTION NO. 14

## CAUTION—PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## SUBSTANTIVE OFFENSE INSTRUCTIONS

## INSTRUCTION NO. 15

## POSSESSION OF AN UNREGISTERED DESTRUCTIVE DEVICE

The government charged Mr. Lartigue with a violation of Title 26, United States Code, Section 5861(d), or 26 U.S.C. § 5861(d), which states:

"It shall be unlawful for any person—to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."

"Firearm" is defined to include a "destructive device" under 26 U.S.C. § 5845(a)(8). The term "destructive device" has a specific meaning. The indictment charges Mr. Lartigue with possession of a destructive device as defined in 26 U.S.C. § 5845(f)(3). The term "destructive device" is defined, in pertinent part, as "any combination of parts . . . intended for use in converting any device into a destructive device . . . and from which a destructive device may be readily assembled." The statute's definition of "destructive device" states that the term includes any explosive bomb, incendiary bomb, or similar device. The statute further states that a destructive device "shall not include any device which is neither designed nor redesigned for use as a weapon."

For you to find Mr. Lartigue guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That Mr. Lartigue knowingly possessed a firearm;

*Second*: That this firearm was a destructive device as defined above;

*Third*: That Mr. Lartigue knew of the characteristics of the destructive device, *i.e.*, that it was a combination of parts that could have been readily assembled to convert a device into an explosive bomb, incendiary bomb, or similar device, *i.e.*, a Molotov cocktail;

*Fourth*: That this firearm/destructive device could readily have been put in operating condition; and,

*Fifth*: That this firearm/destructive device was not registered to Mr. Lartigue in the National Firearms Registration and Transfer Record. It does not matter whether Mr. Lartigue knew that the firearm/destructive device was not registered or had to be registered.

If you find from your consideration of all the evidence that the Government has not proven any one of these elements beyond a reasonable doubt, then you must find Mr. Lartigue not guilty of this crime.

## INSTRUCTION NO. 16

## "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## INSTRUCTION NO. 17

## POSSESSION

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it. A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

You may find that the element of possession is present if you find beyond a reasonable doubt that Mr. Lartigue had actual or constructive possession.

## INSTRUCTION NO. 18

## DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must

be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved Mr. Lartigue guilty beyond a reasonable doubt.

You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go to the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. The first thing that you should do is select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form.]

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.

Keep in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

At this time, I will separate the alternate juror. The alternate juror in this case will be insulated from the deliberation process, but will remain available should a vacancy occur in the regular jury. The alternate juror should not discuss the case with each other or any other person unless and until she replaces a regular juror, at which time deliberation must begin anew.

You may now proceed to the jury room to begin your deliberations.

**SIGNED** on October 20, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE