UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CAUSE NO. 1:20-CR-00156(1)-RP |
| § | |
| CYRIL LARTIGUE § | |

### AMENDED MOTION TO WITHDRAW AS COUNSEL

**TO THE HONORABLE JUDGE PITMAN, UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS:**

COMES NOW undersigned counsel, David Gonzalez and Worth Carroll, and requests that the Court grant this motion to withdraw and appoint counsel for Mr. Lartigue's appeal so that another attorney can perform an independent review of undersigned counsel's work in pursuit of Mr. Lartigue's appeal.

### I.
### BASIS FOR REQUEST

Mr. Lartigue was convicted after jury trial. On direct appeal, Mr. Lartigue certainly may appeal any adverse ruling, but it also is the beginning of an investigation into ineffective assistance of trial counsel. Counsel is mindful that ordinarily an ineffective assistance claim "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Montes*, 602 F.3d 381, 387 (5th Cir. 2010). But the Fifth Circuit has also held that an ineffective assistance of counsel claim is

cognizable on direct appeal "in rare cases in which the record allows [the appellate court] to fairly evaluate the merits of the claim." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Second surgical opinions exist for a reason. The law is no different. Counsel's own cognitive bias makes it difficult to read a transcript with a critical eye of his own ineffectiveness. Mr. Lartigue should have a different lawyer review the case for possible error. Advocating as Mr. Lartigue's appellate lawyer necessarily requires critiquing Mr. Lartigue's trial lawyers' performance. The claims that may be raised on appeal in this case would be best reviewed by a different attorney who is in a neutral, objective position to review trial counsel's performance.

Even the advice regarding whether or not to appeal creates a potential conflict of interest. If counsel and client disagree about whether to appeal, counsel is still obligated to file a notice of appeal on a client's behalf. A potential conflict of interest may exist pursuant to Texas Rules of Disciplinary Conduct 1.06(b)(2). While Comment 4 to Rule 1.06(b)(2) explains that this type of conflict would not itself necessarily preclude the representation, the central question is whether it will materially and adversely affect the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client. Trial counsel believes there is a small likelihood that this would result in an actual conflict. The larger issue is whether counsel can effectively represent a client on an ineffective assistance of counsel claim against himself.

Even if Counsel were able to effectively do so, the appearance of conflict creates the potential for greater concern and additional litigation that would be avoided by appointing different counsel on appeal.

## II.
## CERTIFICATION OF CLIENT ADVICE & CONSENT

Counsel explained to Mr. Lartigue that the development of an ineffective assistance of counsel claim is best addressed by a different attorney who is in a neutral, objective position to review trial counsel's performance. Mr. Lartigue agrees with this assessment and consents to the withdrawal of counsel of record.

**WHEREFORE, PREMISES CONSIDERED**, Mr. Lartigue prays that this Court grant the Motion to Withdraw, appoint counsel on appeal, and relieve trial counsel from all further obligations in this matter.

        Respectfully submitted,

        **SUMPTER & GONZÁLEZ, L.L.P.**
        3011 N. Lamar. Blvd, Ste. 200
        Austin, Texas 78705
        Telephone:  (512) 381-9955
        Facsimile:   (512) 485-3121

By: */s/ David M. Gonzalez*
      David Gonzalez
      State Bar No. 24012711
      DAVID@SG-LLP.COM

                                Worth D. Carroll
                                State Bar No. 24091192
                                WORTH@SG-LLP.COM

                                **ATTORNEYS FOR DEFENDANT**
                                **CYRIL LARTIGUE**

## <u>CERTIFICATE OF SERVICE</u>

By my signature below, I do hereby certify that on February 23, 2022, a true and correct copy of the foregoing Defendant's Amended Motion to Withdraw as Counsel was filed using the Court's electronic filing system, which will provide notice to all parties of record.

                                */s/ David Gonzalez*
                                David Gonzalez
                                Worth Carroll

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| v. | § § | CAUSE NO. 1:20-CR-00156(1)-RP |
| **CYRIL LARTIGUE** | § § | |

# O R D E R

This matter having come before the Court and good cause having been shown,

IT IS HEREBY ORDERED that Counsel's Amended Motion to Withdraw as Counsel is **GRANTED**. David Gonzalez and Worth Carroll shall be removed as attorney of record for Mr. Lartigue on appeal.

IT IS FURTHER ORDERED that counsel be appointed for Mr. Lartigue on appeal.

Signed on this _____, 2022.

_____
The Hon. Judge Pitman
UNITED STATES DISTRICT JUDGE