

**Certified as a true copy and issued as the mandate on Feb 17, 2023**
Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals for the Fifth Circuit

───────────────

No. 22-50126
Summary Calendar

───────────────

United States Court of Appeals
Fifth Circuit
**FILED**
January 26, 2023
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

versus

CYRIL LARTIGUE,

*Defendant—Appellant*.

──────────────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CR-156-1

──────────────────────────

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

# United States Court of Appeals for the Fifth Circuit

_____

No. 22-50126
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit
**FILED**
January 26, 2023
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

versus

Cyril Lartigue,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CR-156-1
_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Cyril Lartigue of possessing an unregistered destructive device, specifically, a combination of glass bottles, a flammable liquid, pieces of cloth, and a lighter, which constituted parts that Lartigue intended to assemble into a Molotov cocktail, in violation of 26 U.S.C. § 5861(d). The district court sentenced him below the applicable guidelines range to 24 months of imprisonment and three years of supervised release.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50126

On appeal, he argues that (1) the statute of conviction was unconstitutionally vague, (2) the district court erred by denying his motion to suppress, (3) Twitter messages sent to Lartigue were inadmissible hearsay and violated the Confrontation Clause, (4) the evidence was insufficient to convict him, and (5) his sentence was procedurally and substantively unreasonable.

First, we have held that a person of reasonable intelligence would be forewarned of what conduct is prohibited by § 5861(d) and that a Molotov cocktail is a destructive device under 26 U.S.C. §§ 5845(f) and 5861(d). *United States v. Price*, 877 F.2d 334, 337-38 (5th Cir. 1989); *United States v. Wilson*, 546 F.2d 1175, 1177 (5th Cir. 1977); *United States v. Ross*, 458 F.2d 1144, 1145 (5th Cir. 1972); *see also United States v. Howard*, 766 F.3d 414, 428 (5th Cir. 2014). Accordingly, Lartigue cannot demonstrate a plain error as to his argument that the statute is unconstitutionally vague. *See United States v. Anderton*, 901 F.3d 278, 283 (5th Cir. 2018).

Next, Lartigue contends that the district court should have granted his motion to suppress the evidence discovered in a warrantless search of his backpack because, he claims, there were no exigent circumstances to justify the search. Here, the evidence introduced at the suppression hearing showed that law enforcement officers observed Lartigue on video assembling what appeared to be a Molotov cocktail, which he placed in his backpack before he was detained by police. Therefore, there was a fair probability that Lartigue was in possession of a potentially dangerous device. *See United States v. Contreras*, 905 F.3d 853, 858 (5th Cir. 2018); *United States v. Juarez*, 573 F.2d 267, 274 (5th Cir. 1978). Moreover, Lartigue was detained near a chaotic protest, and there were multiple fires and fireworks in the area. Therefore, police officers reasonably believed that the backpack, which potentially contained an incendiary device or flammable liquid, posed a genuine danger to people in the vicinity. *See United States v. Daniels*, 930 F.3d 393, 400-01 (5th Cir. 2019); *see also Riley v. California*, 573 U.S. 373, 402 (2014). A

2

No. 22-50126

reasonable view of the evidence supports the district court's findings that the officers had probable cause to believe Lartigue was in possession of an incendiary device and that exigent circumstances existed to justify a search of his backpack. *See Daniels*, 930 F.3d at 401; *Contreras*, 905 F.3d at 858; *United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014).

Lartigue further argues that messages sent to him on Twitter were inadmissible hearsay and that their admission violated the Confrontation Clause. In the Twitter messages, Lartigue and another user discussed their plans to attend protests against police violence, and Lartigue stated that he planned to bring as many as three Molotov cocktails to a protest. The other user's statements, which discussed her own political beliefs and protest plans, had no bearing on Lartigue's alleged conduct in the case. Therefore, the district court did not abuse its discretion by determining that the statements were not admitted for the truth of the matter asserted in the statements. *See United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011); Fed. R. Evid. 801(c); *see also* § 5861(d). Additionally, the statements were not testimonial because they were not "solemn declaration[s] or affirmation[s] made for the purpose of establishing or proving some fact," *Crawford v. Washington*, 541 U.S. 36, 51 (2004), and the district court did not plainly err in admitting the messages, *see United States v. Seale*, 600 F.3d 473, 485 (5th Cir. 2010).

Lartigue next challenges the sufficiency of the evidence supporting his conviction. In this case, in addition to the video showing Lartigue apparently assembling a Molotov cocktail, Lartigue's backpack contained lighter fluid, a lighter, and two glass beer bottles, one empty and one full. These materials alone, as components that could readily be combined into a destructive device, constituted a destructive device. *See* § 5845(f)(3); *see also Wilson*, 546 F.2d at 1177. Moreover, text messages and Twitter messages sent by Lartigue reflected his intention to bring Molotov cocktails to the protest.

3

No. 22-50126

Accordingly, the record is not "devoid of evidence pointing to guilt," nor is the evidence "so tenuous that a conviction is shocking." *United States v. Ocampo-Vergara*, 857 F.3d 303, 306 (5th Cir. 2017) (internal quotation marks and citation omitted).

Finally, Lartigue challenges his below-guidelines sentence. As to Lartigue's argument that the district court failed to consider all the 18 U.S.C. § 3553(a) factors, he cannot demonstrate plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The district court delivered extensive reasons for imposing a below-guidelines sentence, and the record reflects that the court considered the evidence, the arguments, and the § 3553(a) sentencing factors. *See United States v. Alvarado*, 691 F.3d 592, 596-97 (5th Cir. 2012); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Regarding Lartigue's substantive reasonableness challenge, he has not overcome the presumption of reasonableness applicable to his sentence. *See United States v. Simpson*, 796 F.3d 548, 557 & n.51 (5th Cir. 2015).

Given the foregoing, the judgment of the district court is AFFIRMED.

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

February 17, 2023

Mr. Philip Devlin
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 22-50126    USA v. Lartigue
                           USDC No. 1:20-CR-156-1

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                            Sincerely,

                            LYLE W. CAYCE, Clerk

                            By: _____
                            Renee S. McDonough, Deputy Clerk
                            504-310-7673

cc:
    Mr. William Jack Browning
    Mr. Joseph H. Gay Jr.
    Mr. Mark Randolph Stelmach